The notes were secured by mortgages on real estate; foreclosure was obtained and judgment against the maker and one of the indorsers, execution returned unsatisfied, premises sold and proceeds exhausted in the payment of costs and taxes. A claim was presented to the executrix of Constant Isabel and same rejected, and this suit is brought to make such claim from the estate of Isabel, it being averred that due notice of demand and non-payment was given said endorser.
The defense is a denial of claim of petition and that the causes of action have been formally adjudicated.
It appears that the interest on the notes was paid to March 10, 1895; that default occurred in the payment of interest of said notes for thirty and sixty days from March 10, 1896.
■ On April 17, 1896, plaintiff mailed a letter to the indorser, Isabel, stating the terms of the notes; that one was in default thirty days, that the other would be sixty days on May 16; that they had written the maker, but had received no reply; and asked advice and the wish of Isabel as to their beginning foreclosure proceedings when the time should expire, as they looked to him to protect them.
On May 11, 1896, another letter was addressed to Isabel pertaining to the other note, stating the terms of default, that the *290 time allowed had elapsed on both notes, and that they wrote to give him notice as indorser. It appears that Isabel died about May 4, 1896. That thereafter one of Mr. Isabel’s sons came to plaintiff’s bank with the letter of April 17, and was directed to Mr. Albery,.who says that Isabel came in response to the letter and said they wanted the plaintiff to go ahead under its suggestion and take advantage of the default in payment of interest on the notes and proceed with the suit in foreclosure. It appears that on October 10, 1896, the plaintiff proceeded with the foreclosure and made claim against the maker and Ady as indorser, but no claim as indorser from Isabel.
On June 11, 1898, and July 26, 1899, further correspondence took place between plaintiff and the executor calling attention to the appraisement of the property and approaching sale, and final notice of amount due from the Isabel estate. The Isabels were parties to this suit, and on March 22, 1899, a modification of the entry of distribution was secured on their motion.
Now it is argued by defendant that the letters of April 17 and May 11 did not constitute notice of demand of payment from the maker and of its dishonor. I think this point is well taken. Such a notice to an indorser need not contain a statement that the indorser is looked to for payment; but it must show upon its face either expressly or by fair implication that the note has been presented to the maker and dishonored. Such presentment and dishonor can not be inferred from a simple statement that the paper is unpaid. Townsend v. Bank, 2 Ohio St., 345.
The notice of April 17 states that they had written to the maker but had received no reply. Ordinarily a demand in writing mailed or sent the maker is not sufficient presentment to charge an indorser. 7 Cyc., 998. Sometimes, when a note is payable at a bank, such a letter to maker is equivalent to demand and dishonor, but I do not think we have that situation here! Neither do the notices declare that the holders elect that the whole should become due. One of the main purposes of the letter of April 17 seems to have been to inquire and consult the wishes of the indorser as to foreclosure proceedings. According to Mr. Albery’s version of the conversation, “they *291 wanted that we should go ahead under our suggestion and take advantage of the default in payment of interest on these notes and'proceed with the foreclosure suits.” Record, p. 11.
Presentment for payment and demand are essential to fix the liability of indorsers of such paper, unless waived or unless facts exist which constitute a sufficient excuse for non-presentment. 7 Cyc., 960. Now was there such a situation here ,as would excuse demand and notice of dishonor? I think so.
Daniel, Neg. Instr., in Section 1103 of his work, says:
“Any act, course of conduct or language of the indorser calculated to induce the holder not'to make demand or' protest or give notice or to put him off his guard * * * will dispense with the necessity of taking those steps as against the party so dealing with the holder.”
Again, Sections 1090 and 1091, he says:
‘ ‘ The waiver may be either verbal or in writing * * * it may result from implication and usage or from any understanding between the parties which is of a character to satisfy the mind that a waiver is intended.
“Demand and notice may be waived by an act of the indorser * * * calculated to put the holder off his guard and prevent him from treating the note as he would otherwise have done. Parsons, Notes & Bills, 582; 13 Barb., 163; Kyle v. Green, 14 Ohio, 490; Boyd v. Bank, 32 Ohio St., 526.”
I think it fair to be inferred here that plaintiff was proceeding in aceeordanee with the wishes of the executrix against the maker and other indorser to ascertain the final liability of the Isabel estate. They were notified from time to time of the progress of the suit and finally of its termination. They were asking no judgment of defendant till the ultimate liability should be known. So far as this record reveals the only evidence of election on part of plaintiff that the whole notes should become due was the bringing of the action in October in accordance with the wish of the Isabels. Such conduct and conference on the part of the representative of the indorser toward the holder would be calculated to put a person of reasonable, prudence off his guard and induce him to omit demand or give *292 'notice of dishonor, and would in my judgment dispense with the necessity of taking these steps.
F. F. D. Albery, for plaintiff.
G. J. Marriott, for defendant. •
It is urged that there is no evidence of agency of young Isabel in making, such arrangement. It is true that his declaration that he represented his mother would not prove agency; but, taken in connection with the letters and the subsequent acts connected with the suit, I think it but a fair inference that he was authorized by her to act.
It is urged further that this relief could have been had in the foreclosure suit, >and therefore is res judicata. If I am correct in inferring from the action and conduct of défendant that it was her wish to be indulged till the property, the maker, and former indorser should be exhausted, then plaintiff following her desire in the matter, we have a similar situation to Kyle v. Green, 14 Ohio, 490, 491. The issues could not be made till the proceeding was had under such an arrangement.
Finding and judgment for plaintiff in the full amount of said notes, $800 with interest at the rate of seven per cent, per annum payable annually from March 10, 1895.